UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-60500-Civ-Cohn/Seltzer

FOR LIFE PRODUCTS, INC.,
a Florida Corporation, and,
DAVID JAMES CUSTOM HOMES, LLC,
a New Hampshire limited liability corporation,
    Plaintiffs,
v.

PERFECT PRODUCTS, INC.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
ORDER DENYING DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER VENUE**

**THIS CAUSE** is before the Court upon Defendant's Motion for Rule 12 Dismissal for Lack of Jurisdiction and Improper Venue or Alternatively Transfer to the Northern District of Oklahoma [DE 7] ("Motion"), Plaintiffs' "Reply to Order to Show Cause and Defendant's Motion [DE 16] ("Response"), and Defendant's Reply [DE 25] ("Reply). The Court has carefully considered the Motion, Response, Reply, and all related exhibits, as well as the argument of counsel at a hearing held before this Court on June 3, 2011.

### I. BACKGROUND

Plaintiffs For Life Products, Inc. ("For Life") and David James Custom Homes, LLC ("David James"), filed this action against Defendant Perfect Products, Inc. for patent infringement regarding a hinge mounted adjustable door stop identified by the mark "Door Saver II." The '005 patent at issue is owned by Plaintiff David James and exclusively licensed by Plaintiff For Life. David James is a New Hampshire limited liability corporation with its principal place of business in New Hampshire. For Life is a Florida corporation, with its principal place of business in Miramar, Florida.

Defendant Perfect Products ("Defendant") is an Oklahoma corporation, with its principal place of business in Oklahoma. Affidavit of B. Jack Smith ¶¶ 4-5 [DE 7-1]. Defendant produces and sells hardware for doors and gates, including the product in question, the Perfect Products Door Saver II. Id. ¶ 3. Perfect Products has no offices or established business in Florida, has never attempted to establish a place of business in Florida, has no telephone number or mailing address in Florida, has no bank accounts, investments, employees, facilities, or inventory located in Florida. Id. ¶¶ 6-8. It pays no taxes in Florida, is not registered nor licensed to do business in Florida, and does not regularly conduct business in Florida. Id. ¶¶ 7, 10-11. Defendant does have one distributor located in Jacksonville, Florida, that serves Florida and southern Georgia, out of over one-hundred independent distributors located throughout the United States. Id. ¶ 9.

Other than a website that advertises its products but sells less than one-tenth of one percent of its gross sales, Defendant does not have a print catalog, does not distribute advertisements to locations or residents in Florida, and does not advertise in any nationally distributed print media or electronic broadcast media. Id. ¶¶ 13-18. Of its total gross sales from January 1, 2009 through April 11, 2011, including the Door Saver II, "approximately 1.1% were sold to customers in Florida." Id. ¶ 19. Defendant states that during this period, it appeared at one trade show in Orlando, Florida in January of 2011, where it freely distributed approximately 3,500 Door Saver II units as a promotional handout to "show-attending individuals from throughout the United States and from around the world." Id. ¶¶ 12, 21-22. Finally, Defendant avers it would be a considerable burden to defend this action in Florida, given all of their documents, records, witnesses and evidence are located in Tulsa, Oklahoma, with none located in Florida. Id. ¶ 25.

In opposition to Defendant's affidavit, Plaintiffs set forth by affidavit that a different representative of Defendant appeared at the Orgill Spring Dealer Market trade show in Orlando, Florida on February 24, 2011.  Declaration of David Doering ¶¶ 3-5 [DE 16-1].[1]  Plaintiffs also allege that Defendant has promoted its product in Florida through other channels, particularly the home improvement television show produced by personality Danny Lipford.  This television broadcast is allegedly broadcast regularly in Tampa, St. Petersburg, Sarasota, Tallahassee, Panama City, Orlando, Gainesville, Fort Myers and West Palm Beach and appears on Mr. Lipford's website.  Plaintiffs' Exhibits F and G [DE 16-6 and 16-7].[2]

Defendant puts forth additional facts in its reply, correctly noting that Plaintiffs have not contradicted the facts initially put forth by Defendant.  For example, Defendant explains that its appearance at the Orgill trade show was required by its membership in the Orgill dealer network, and that the bi-annual Orgill trade shows rotate around the country, without specific direction toward Florida.  Affidavit of B. Jack Smith Accompanying Reply ¶¶ 3-4 [DE 25-1].  Defendant did not solicit Florida residents to attend the shows, nor did it solicit Florida residents for sales during the shows, but rather attended to meet larger customers, suppliers or distributors who are located in states other than Florida who generally attend these industry-wide shows.  Id. ¶ 5.

As for its Jacksonville distributor and website, Defendant explains that the distributor has no inventory and does not solicit orders or sales for the Door Saver II. Id. ¶ 7.  Defendant's website does not actively solicit sales, but rather directs individuals

---

[1] The Court notes that the declaration of David Doering is not executed.  On May 12, 2011, Plaintiff filed a Notice of Filing Executed Declaration of David Doering [DE 17], but the Court does not find an executed version of the declaration in the record.

[2] Plaintiff's counsel stated at the motion hearing that the program is available for viewing on Danny Lipford's website and therefore is broadcasted throughout Florida.

3

to one of Defendant's distributors.  Id. ¶ 10.  However, it became clear at the hearing that the website lists product pictures and prices, and the distributor does attempt to make sales of Defendant's products, along with other products of other companies.  All inventory is stored at Defendant's warehouse in Oklahoma, until a distributor makes a sale and directs Defendant to fulfill that sale from Oklahoma.

Turning next to the Danny Lipford show, Defendant explains that while attending a trade show in Las Vegas, Nevada in January, 2010, Mr. Lipford approached Jack Smith and asked if he and his staff could film a short video segment demonstrating the Door Saver II.  Id. ¶ 12.  Defendant has no agreements or obligations with Lipford, did not compensate Lipford for demonstrating Defendant's product, and does not control the manner or extent to which Mr. Lipford publishes the video segment featuring the Door Saver II.  Id. ¶ 13.  Nonetheless, the evidence is undisputed that the Lipford program with the Door Saver II portion is periodically shown throughout Florida on television.

Defendant moves to dismiss this action for lack of personal jurisdiction and/or for improper venue in Florida.  In the alternative, Defendant seeks transfer of this action to the Northern District of Oklahoma.  Plaintiffs oppose the motion.  The facts put forth by the parties' affidavits do not conflict and no evidentiary hearing is required.

## II. ANALYSIS

### A.  Personal Jurisdiction

The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis: "whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." Avocent Huntsville Corp. v. Aten Intern. Co., Ltd., 552 F.3d 1324, 1329 (Fed Cir. 2008).

When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be determined by the state long-arm statute.  Akro Corp. v. Luker, 45 F.3d 1541, 1544 (Fed. Cir. 1995); Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998).[3]  The Court must apply the Florida long-arm statute as the Florida Supreme Court would.  Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890-91 (11th Cir. 1983).  If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, (1945).  Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant.  Akro Corp., 45 F.3d at 1544.

"A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction."  Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999).  "The plaintiff bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained' only if the defendant challenging jurisdiction files 'affidavits in support of his position.'"  Id. (quoting Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)).  Here, Defendant has filed affidavits to support its argument that this Court lacks jurisdiction.  See Smith

---

[3] All parties acknowledge that the law of the Federal Circuit applies to personal jurisdiction issues, and not regional circuit law.  Akro Corp. v. Luker, 45 F.3d 1541, 1544 (Fed. Cir. 1995).  The Court notes that the same result would apply if Eleventh Circuit law was applied.  Cable/Home Communication Corporation v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990).

Affidavits [DE 7 and DE 25].

### B. Florida Long-Arm Statute

Plaintiffs contend that Defendant is subject to personal jurisdiction in Florida for the alleged claim of patent infringement based on Section 48.193(1)(b) of the Florida Statutes (long arm statute), which provides in relevant part that "any person. . . who personally or through an agent does any of the acts enumerated in this subsection" subjects himself to the "jurisdiction of the courts of this state for any cause of action arising from . . . committing a tortious act within this state." Fla. Stat. § 48.193. Specifically, Plaintiffs argue that Defendant's alleged patent infringement is a tortious act occurring in Florida. See id. at 8. Defendant does not attempt to argue otherwise. Thus, the Court concludes that Section 48.193(1)(b) applies to Plaintiffs' claim for specific personal jurisdiction over Defendant.[4]

### C. Due Process

Even though a statute may permit a state to assert jurisdiction over a nonresident defendant, the Due Process Clause of the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation, 326 U.S. 310, 319 (1945). The Constitution prohibits the exercise of personal jurisdiction over a

---

[4] The Court notes that Plaintiffs' brief appears to claim both general and specific jurisdiction. General jurisdiction requires a higher burden for a plaintiff to show continuous and systematic general business contacts with the forum state. Avocent Huntsville, 552 F.3d at 1330. Plaintiffs cannot meet this burden with the record before the Court. However, because Plaintiffs have shown that their infringement claim arises from Defendant's alleged sales activities within Florida, a part of the required showing for specific jurisdiction, the Court need not engage in a full general jurisdiction analysis.

6

nonresident defendant unless his contact with the state is such that he has "fair warning" that he may be subject to suit there. Shaffer v. Heitner, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgment). This "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, (1984). In this way, the defendant could have reasonably anticipated being sued in the forum's courts in connection with his activities there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Int'l Shoe, 326 U.S. at 316).

To determine whether the due process clause permits the exercise of specific personal jurisdiction over Defendant, the Federal Circuit uses a three factor test based upon the above Supreme Court decisions: "the defendant purposefully directed its activities at residents of the forum, the claim arises out of or relates to those activities, and assertion of personal jurisdiction is reasonable and fair. With respect to the last prong, the burden of proof is on the defendant, which must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in Burger King." Avocent Huntsville, 552 F.3d at 1332 (quoting Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc., 444 F.3d 1356, 1363 (Fed. Cir. 2006)).

### 1)  Defendant's Contacts with Florida

As set forth above, Defendant avers in the Smith Affidavits that Defendant has never been registered or licensed to conduct business in Florida, has never had an office in Florida, does not have a Florida telephone number or bank account, and directs no media advertising to Florida. Plaintiffs do not contradict Defendant's

7

affidavits, but instead argue that appearances at two trade shows in 2011, combined with an operating website, a distributor in Jacksonville and several airings of Danny Lipford's program combine to create minimum contacts with Florida.  In reply, Defendant urges the Court to rely upon <u>Autogenomics, Inc. v. Oxford Gene Technology, Ltd.</u>, 566 F.3d 1012, 1018 (Fed. Cir. 2009), which held that attending four conferences over five years constituted only sporadic and insubstantial contacts.  Defendant also cites to cases that having a website as one's only continued contact with Florida is insufficient.  <u>Roblor Marketing Group, Inc. v. GPS Industries, Inc.</u>, 645 F.Supp. 2d 1130, 1156-57 (S.D. Fla. 2009).   Finally, Defendant contends that the actions of third parties such as Danny Lipford do not rise to purposefully directed activities of the foreign corporation.

The Court concludes that though it is a close call, Plaintiffs have sufficiently shown that this combination of contacts: 1) two trade shows within a few months where thousands of  product samples were given away; 2) a functional website with prices and pictures – though only a small part of Defendant's sales; 3) an independent distributor in Jacksonville; and 4) television programs promoting Defendant's product – albeit not shown in Florida under their direction, is sufficient to show that Defendant purposefully directed its activities at residents of the forum.[5]

2.  Fair Play and Substantial Justice

In the Federal Circuit, the factors to decide whether the assertion of personal jurisdiction comports with fair play and substantial justice are: 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the

---

[5] As to the second prong of the Federal Circuit test, it is clear that the claim for patent infringement arises out of Defendant's sales of its products in Florida.

interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, 5) the shared interest of the states in furthering fundamental substantive social policies.  Patent Rights Protection Group, LLC v. Video Gaming Technologies, Inc., 603 F.3d 1364, 1369 (Fed. Cir. 2010) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985)).

Defendant contends that the burden of having to litigate this matter in South Florida is large because it is a small business, with gross sales of approximately $500,000, and only four employees who all work in Oklahoma.  Defendant further argues that the absence for hearings and trial in Florida of Jack Smith, the proprietor, and Scott Cox, Defendant's salesman, would significantly disrupt their small business.  Plaintiffs argue that only Mr. Smith is likely to be needed in Florida, and with modern methods of transportation, the Defendant's interpretation of its burden is overblown.

As to Florida's interest in this matter, Defendant contends that the patent-owning plaintiff is a New Hampshire corporation, thus limiting Florida's interest.  As the subject matter of this lawsuit is federal patent law and two out of three parties are from out of state, Florida's interest is minimal.[6]  Defendant also contends that a more efficient resolution of this matter could be had in the less crowded federal court in Oklahoma.  However, Plaintiffs rely heavily on the third factor, in that it would be substantially more convenient for them to litigate in their chosen forum of Florida, given the presence in South Florida of the exclusive licensee and its employees.

After weighing the factors, the Court concludes that Defendant has failed to meet its burden under the Federal Circuit test because it has not presented a compelling case that the presence of some other considerations would render jurisdiction

---

[6] The fifth factor, the shared interest of the states in furthering fundamental substantive social policies, is also inapplicable to this patent case.

9

unreasonable under the five-factor test. While there will be some disruption of Defendant's business, that factor alone does not outweigh Plaintiff's choice of forum or Plaintiff's interests based upon the record before the Court.

### D. Venue

Having concluded that personal jurisdiction is present, Defendant also moves to dismiss this action for improper venue pursuant to Fed. R. Civ. P 12(b)(3). In patent infringement suits, venue is appropriate wherever a defendant resides or has committed acts of infringement and has a regular place of business. 28 U.S.C. § 1400(b). In construing the general venue clause in 28 U.S.C. § 1391(c) with the patent venue clause, the Federal Circuit has held that "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990).

The parties appear to agree that the questions of personal jurisdiction and venue merge in a patent action. While an accurate description of the law, the Court notes that in a state such as Florida with multiple districts, a corporate defendant that is subject to personal jurisdiction "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. . . ." 28 U.S.C. § 1391(c). In this case, the Defendant's contacts of attending trade shows in Orlando and having a distributor in Jacksonville arguably would allow venue in the Middle District of Florida. Although Plaintiff had no objection to this result, neither party requested this relief. There would appear to be an equal amount of inconvenience to Defendant, while an increase in travel for Plaintiff. Therefore, the Court will agree with the parties that once personal jurisdiction is found in

Florida, venue is appropriate in the Southern District of Florida.

### E.  Transfer of Venue

Defendant also seeks the alternative relief of transferring venue in this case to the Northern District of Oklahoma.  A district court may transfer a case "for the convenience of the parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404 (a).  In determining whether to transfer a case to another venue, courts rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing forum; and (6) trial efficiency and expense to the justice system.  See Gould v. National Life Ins. Co., 990 F. Supp. 1354, 1357-58 (M.D. Ala. 1998).  "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  Robinson, 74 F.3d at 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert. denied, 456 U.S. 918 (1982)).[7]

Each party argues that it will suffer inconvenience if the forum is not of their choosing.  Defendant contends that all of its witnesses are in Oklahoma, all of its documents are in Oklahoma, that as a small company it bears little ability to afford to litigate in Florida, that a civil case would generally move to trial faster in the Northern District of Oklahoma than in the Southern District of Florida, and that one of the Plaintiffs is located in New Hampshire.  Plaintiff argues that Oklahoma is inconvenient

---

[7]  Transfer of venue motions do not raise issues unique to Federal Circuit jurisdiction, so therefore the law of the regional circuit applies.  In re Vistaprint Ltd., 628 F.3d 1342, 1344 (Fed. Cir. 2010).

for Plaintiff's witnesses, that there are likely few documents in this case as the Door Saver II product is new and a simple mechanical device, that only one witness (Jack Smith) is likely needed to come to Florida, and that Defendant cannot meet its burden to overcome Plaintiff's choice of forum.  The Court concludes that Defendant has failed to meet its burden to show sufficient considerations to clearly outweigh Plaintiff's choice of forum.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Rule 12 Dismissal for Lack of Jurisdiction [DE 7] is hereby **DENIED**;

2. Defendant's Motion to Dismiss for Improper Venue [DE 7] is hereby **DENIED**;

3. Defendant's Alternative Motion Transfer to the Northern District of Oklahoma [DE 7] is hereby **DENIED**;

4. Defendant shall file an Answer to the Complaint by June 17, 2011.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 3rd day of June, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

cc:   counsel of record on CM/ECF